IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**FRANK EDWARD SALONKO,**

    **Petitioner,**

v.　　　　　　　　　　　　　　　　　　　Case No. 1:22-cv-153-AW-MAF

**SECRETARY, FLORIDA**
**DEPARTMENT OF CORRECTIONS, et**
**al.,**

    **Respondents.**

_____/

## **ORDER DISMISSING § 2254 PETITION AS UNTIMELY**

Petitioner Frank Salonko, a state inmate, seeks § 2254 relief. Respondents—the Secretary for the Florida Department of Corrections and the Florida Attorney General—moved to dismiss the petition as untimely.[1] ECF No. 29. The petition is timely only if it was filed by August 9, 2021.[2] *See id.* at 10; ECF No. 37 at 19-20; *see also* 28 U.S.C. § 2244(d)(1)(A). The magistrate judge issued a report and recommendation, concluding that Salonko's petition was untimely and that he was not entitled to equitable tolling. ECF No. 37 at 43. The magistrate judge recommended dismissal. *Id.* Salonko objected. ECF No. 40.

---

[1] Salonko was convicted on two separate counts (second-degree murder and aggravated assault). To the extent Salonko's petition seeks relief regarding his much earlier aggravated assault conviction (and it does not seem that it does), I adopt the magistrate judge's conclusion that the petition is untimely.

[2] The parties seem to agree that the one-year deadline, after tolling for Salenko's state postconviction proceedings, was in August 2021.

1

This court reviews objections to a magistrate judge's report and recommendation *de novo*. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). District courts also retain broad discretion to accept, reject, or modify a magistrate judge's findings and recommendations. *Id.* Even without an objection to a specific finding or recommendation, the district court may perform "further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) (cleaned up) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

This matter presents an unusual set of circumstances. The court received Salonko's petition on July 6, 2022, well after the August 2021 deadline. *See* ECF No. 1. But under the prison mailbox rule, a prisoner's pro se petition is "deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)); *see also Taylor v. Williams*, 528 F.3d 847, 851 (11th Cir. 2008) (applying the mailbox rule to a § 2254 petition). Absent contrary evidence, courts "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). But Salonko's petition arrived unsigned and undated.[3]

---

[3] The lack of signature is not dispositive for timeliness. When an unsigned petition is filed on time, an inmate may cure his failure to sign even after the filing

2

The petition did arrive bearing three initialed date stamps from April 21, 2021, June 21, 2022, and June 28, 2022. *See* ECF No. 1 at 1. The text of each stamp notes that the document was "provided for mailing" at Calhoun Correctional Institute (CCI) on the listed date. *Id.* The April 21, 2021 stamp, though, is crossed out. *Id.*

In Respondents' view, the June 28, 2022 stamp—the latest—establishes the filing date. *See* ECF No. 29 at 10. This would square with the fact that the court received the petition on July 6, 2022, approximately one week later. *See* ECF No. 1. But Salonko claims he turned the petition over to CCI for mailing on April 21, 2021, ECF No. 33 ¶ 10, making that the operative filing date. According to Salonko, once he realized his petition may not have arrived at the court, he refiled two copies on June 21, 2022 and June 28, 2022. This, he says, explains the presence of the additional date stamps and the crossing-out of the April stamp. *Id.* ¶¶ 10-13. Salonko also argues that the government has the burden to prove he did not deliver the petition to CCI staff on April 21, 2021.

It is true that "[u]nder the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). But that burden usually involves proving that the date of delivery is different from the date of signature. *See,*

---

deadline has passed. *See Michel v. United States*, 519 F.3d 1267, 1271-72 (11th Cir. 2008).

3

*e.g.*, *id.* ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [Petitioner]'s motion was delivered to prison authorities the day he signed it . . . ."); *Jeffries*, 748 F.3d at 1314 ("The burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it.").

Here, Salonko did not sign his petition. Nor did he submit a declaration or notarized statement, despite having ample opportunity to do so when he initially filed his petition—or in the sixteen months after the court received his petition (in July 2022) but before the magistrate judge issued the report and recommendation (in December 2023). Prisoners can establish timeliness by filing a declaration or notarized statement setting forth the date they deposited their mail and acknowledging that the postage had been prepaid *See* Rule 3(d), Rules Governing Section 2254 Proceedings. Salonko did not necessarily need such a declaration or notarized statement to establish timeliness. *See Houser v. United States*, 808 F. App'x 969, 971 (11th Cir. 2020) (noting in the context of a § 2255 petition, governed by similar rules, that "the plain language of [Rule 3(d)] indicates that there are multiple ways in which a prisoner can demonstrate the timeliness of a filing, including, but not limited to, filing a declaration"). But because he chose not to submit one, Salonko has not offered enough to shift the burden to the government. *See Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006) (noting how "the

4

burden of proof should be placed upon the state if [petitioner] has" submitted a declaration or notarized statement acknowledging the date of delivery and postage payment); *Bullock v. United States*, 655 F. App'x 739, 741 (11th Cir. 2016) (placing the burden on the government where petitioner submitted an unsigned § 2255 motion but included a signed affidavit, among other evidence).

Under this unique set of circumstances, I conclude Salonko has not done enough to place the burden on the government to prove he filed his petition too late.[4] Nor has Salonko offered enough to establish otherwise that his petition was timely.

Having considered the magistrate judge's and recommendation, and having considered *de novo* the issues raised in Salonko's objections, I now adopt the magistrate judge's report and recommendation to the extent it concludes Salonko's petition is untimely, that he is not entitled to equitable tolling, and that I should grant Respondents' motion to dismiss. Salonko's objections are overruled.

---

[4] I do not reach the issue of whether Respondents' affidavit from the CCI employee would be sufficient to carry their burden under the mailbox rule had they borne the burden here. I note, however, that the information provided in the affidavit is at least consistent with Salonko's having retained his petition in April 2021 after getting it stamped and then not filing it until June 2022. In other words, Respondents have submitted a plausible, sworn explanation of how the stamped documents came to be without filing. Salonko has not.

The motion to dismiss (ECF No. 29) is GRANTED. The clerk will enter a judgment that says, "The § 2254 petition is dismissed as untimely." A certificate of appealability is DENIED.[5]

The clerk will close the file.

SO ORDERED on February 14, 2024.

> s/ *Allen Winsor*
> United States District Judge

---

[5] Having dismissed the petition on procedural grounds, the court can issue a certificate of appealability only if it finds that "jurists of reason" would debate *both* the court's decision on timeliness *and* whether "the petition states a valid claim of the denial of a constitutional right." *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).